## MAY 12, 1937

HARRY ALEY v. THE STATE.

No. 18969.   Delivered May 12, 1937.

The opinion states the case.

*H. W. Carothers* and *Durell Carothers,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Bogie Chatham by shooting him with a gun.

Deceased, who was in the business of raising watermelons, had employed appellant to work for him, and, according to the testimony of the State, he had discharged appellant shortly prior to the homicide. Further, the State's testimony was to the effect that on the 31st of July, 1936, appellant came to the place where deceased was loading a truck with watermelons, and, exhibiting a pistol, said to deceased: "Give me the money; give me the money." In reply, deceased stated to appellant that he would give him the money when he reached home. One of the witnesses for the State testified that he attempted to approach appellant, but that appellant directed the pistol toward him and ordered him back. Appellant then reiterated his demand that deceased give him the money, and at the same time shot deceased. After being mortally wounded deceased delivered to the appellant approximately eighty dollars.

Testifying in his own behalf, appellant admitted that he killed deceased. It was his version that deceased owed him money for work he had done and had refused to pay him; that on the occasion of the homicide he asked deceased to pay him what he owed him; that one Russell and deceased came toward him as if to attack him; that Russell had a knife in his hand; that he (appellant) told deceased to stop; that he shot deceased to keep him from attacking him; that deceased then delivered the money to him.

We are unable to agree with appellant's contention that the jury were not warranted in assessing the extreme penalty.

Appellant sought a new trial on the ground that one of his witnesses had been absent from court and that he had been deprived of his testimony. According to the affidavit of the witness, he would have testified, in substance, that deceased owed appellant some money. Appellant does not contend that the testimony in question was newly discovered. Prior to the trial he was aware that the witness would testify as alleged. He made no application for a continuance. Under the circumstances, error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.